# IN UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ADAPTIVE AVENUE ASSOCIATES, INC. | ) ) ) |
| *Plaintiff*, | ) ) ) Civil Action No. 2:16-cv-683 |
| v. | ) ) |
| SALLY BEAUTY SUPPLY LLC, | ) ) ) JURY TRIAL DEMANDED |
| *Defendant*. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Adaptive Avenue Associates, Inc. ("Adaptive Avenue") for its Complaint against Defendant Sally Beauty Supply LLC ("SBS" or "Defendant"), demands a jury trial and alleges as follows:

## NATURE OF THE ACTION

1.  This is an action for patent infringement arising under the patent laws of the United States, 35, U.S.C. §§ 1 *et seq*.

## THE PARTIES

2.  Plaintiff Adaptive Avenue is a Minnesota corporation, having a principal place of business located at 213 4th St. E Ste 400, Saint Paul, MN 55101-2670.

3.  On information and belief, Defendant is a limited liability company organized under the laws of the State of Delaware with a principal place of business located at 3001 Colorado Boulevard, Denton, TX 76210.

## JURISDICTION AND VENUE

4.  This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction. On information and belief, Defendant has sufficient minimum contacts within the State of Texas and this district, including, at least, through Defendant's transactional ecommerce website www.sallybeauty.com, and Defendant has committed, and continues to commit, acts of infringement in and directed toward the State of Texas, including, at least, through Defendant's transactional ecommerce website www.sallybeauty.com.  On information, Defendant also has engaged in continuous and systematic activities in the State of Texas.

6.     Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## THE PATENT-IN-SUIT

7.     Adaptive Avenue is the owner by valid assignment of U.S. Patent No. 7,171,629 ("the '629 Patent"), entitled "Customizable Web Site Access System and Method Therefore," duly and legally issued by the U.S. Patent and Trademark Office on January 30, 2007, such that it may enforce the '629 Patent.  A true and correct copy of the '629 Patent is attached hereto as Exhibit A.

8.     The inventions disclosed in the '629 Patent relate to "the manner in which a user and/or developer of the World Wide Web presents and/or accesses a web site and, more specifically, to a system and method to enable multiple types of automated navigation through a plurality of web site addresses."  (Ex. A, the '629 Pat., Col. 7, lns. 31-34.)

## BACKGROUND ON PRIOR ART AND PATENT

9.     David Quimby, the named inventor of the '629 Patent, "is the founder, owner, and CEO of Plaintiff Adaptive Avenue." (Ex. B, Quimby Decl. at ¶ 3.) Prior to conceiving the inventions disclosed in the '629 Patent, Mr. Quimby received a Bachelor of Arts degree in Economics with emphasis in mathematical economics and developmental economics from the

University of California, Los Angeles in 1980 and received a Master of Business Administration with emphasis in organizational behavior and sociotechnical systems from the University of California, Berkeley in 1987. (*Id*. at ¶ 4.) During the early stages of his career, he "gained a passionate interest in the intersection between technology / human behavior and technology / social systems," *id*. at ¶ 5, and "assisted in the conception and launch of inter-disciplinary, multi-client initiatives in distributed computing, hyper-distributed computing, and social computing," gaining a keen appreciation for user-centric design, *id*. at ¶ 6. He also led the adoption of client-server architecture on several projects and worked at the forefront of client-server architecture for several years. (*Id*. at ¶ 7-8.)

10. In the mid to late 1990s, Mr. Quimby's interests turned to the emerging phenomenon of the World Wide Web and he began the entrepreneurial pursuit of problems with the usability and navigation of the World Wide Web. (*Id*. at ¶ 8.) He realized that the conventional way of viewing information on the World Wide Web was limited. (*Id*.) He "recognized the need for a system that enables Web developers to provide an automated presentation of information in organized sequences without the cost of reprogramming site content." (*Id*.) He also "recognized the need for Web users to view presentations created by Web developers or create their own presentations of Web content without installing development tools." (*Id*.)

11. In 1998, Mr. Quimby founded Virtual Coast Associates, Inc., as a platform for incubating various Web-related opportunities, *id.* at ¶ 9, and in 2000, he founded Adaptive Avenue to commercialize the technology that forms the basis some of his inventions, including the inventions disclosed in the '629 Patent, *id*. at ¶ 10.

12. After founding Virtual Coast and Adaptive Avenue, Mr. Quimby used his background, experience, and knowledge to conceive the inventions disclosed in the '629 Patent. (*Id*. at ¶ 11.)

13. Prior to Mr. Quimby's inventions disclosed in the '629 Patent, "the existing technology for viewing content on the World Wide Web was either monolithic (not granular and customized to the user's particular situation) or tedious and labor-intensive." (*Id*. at ¶ 13.) "Likewise, although the existing technology at the time allowed for continuous presentation of information on the Web (*e.g.*, animation), it did not allow automated presentation of Web page content and it did not allow automated presentation without the cost of reprogramming site content or installing development tools." (*Id*. at ¶ 14.)

14. When Mr. Quimby conceived his inventions, the World Wide Web was adapted to flexibly serve individual Web pages, but it was not adapted to serve sequences of Web content. (*Id*. at ¶ 12.) The specification of the '629 Patent notes the need for his inventions, in part, as follows:

> [T]here is a need for a web site access system that enables web site owners and developers to provide an automated presentation of desired web page sequences without the costs of reprogramming site content or installing development tools, and that enables web site users to adjust those presentations to their preferences and/or enact their own presentation of web sites of interest, such as through the use of search engine results.

(Ex. A, '629 Patent, Col. 7, lns. 60-67.) Mr. Quimby's inventions addressed this problem and need, by enabling developers to create Web slide show presentations of information in organized sequences without the cost of reprogramming site content and enabling Web users to view presentations created by Web developers or create their own presentations of Web content without installing development tools. (Ex. B, Quimby Decl. at ¶ 11.)

15. In conceiving and reducing his inventions to practice, Mr. Quimby overcame technological problems necessarily rooted in computer technology with the ability to use server-side technology, without installing client-side technology, to create a slide show presentation on the World Wide Web. (*See, id.*) Likewise, the problems he addressed were not overcome by implementing existing methods of a slide show, photo slide show, or computer slide show presentation on the Web or by conventionally selecting various information sources to display. (*Id.*)

16. Mr. Quimby's invention improved existing web technology by helping retain web user's attention and creating a flexible and seamless user experience over client-server architecture. (*See, id.* at ¶ 15.) The '629 Patent notes the improvement in web user and visitor experience as follows:

> [I]t can be seen that besides guiding visitors more quickly to relevant content, the present invention virtually eliminates the attention that visitors normally invest in pointing, clicking, and scrolling through web pages. As such, visitor satisfaction and productivity is increased, i.e., visitors to a web site stay longer, absorb more information, and return more quickly. The model of a passive site and active visitor clicking through pages is replaced by the adaptive presentation model of active site and active visitor. In this active site/active visitor model the site owner or developer can offer a range of tours through a site wherein each tour is adapted to the interests of a wide range of target audiences. Meanwhile, the visitor can have single-click control for pausing at any page to delve more deeply into available content and can also control the pace of presentation as well as select another presentation. Instead of actively pursuing random paths through web sites one click at a time, visitors now have a choice. They can relax and enjoy one or many pre-established presentations—all with the option of stopping and/or diverting anytime they encounter interesting content.

(Ex. A, '629 Patent, Col. 13, lns. 30-50.)

17. Mr. Quimby provided a solution that included Web-development flexibility and seamless user experience over client-server architecture. (*See, id.* at ¶ 15.) He "conceived a system and method that used components, such as a composer and a performer, to gather URLs

and create a presentation of Web content [and] conceived a system and method that would address the problems rooted in the existing approach to continuous delivery of Web content." (*Id.*) His invention embraced at least three inventive aspects at a high level: "1) rotation of Web pages in organized sequences; 2) sequences of Web pages that can be organized "on the fly" – dynamically, at run time; and 3) use of a Web-service architecture and Extensible Markup Language (XML) to deliver this experience seamlessly without client-side implementation." (*Id.* at ¶ 16.)

18. In providing a more seamless way of navigating through the World Wide Web, Mr. Quimby's inventions disclosed in the '629 Patent address a particular challenge to the World Wide Web of retaining website visitors and conveniently and efficiently providing web content to users.

19. In addition to the problems addressed by Mr. Quimby's invention, Mr. Quimby "encountered several problems in perfecting the invention and reducing it to practice." (*Id.* at ¶ 17.) For example, "initial prototypes employed a client-side module that required installation. This approach was not scalable, and [he] eventually solved the problem by replacing the client-side module with a parameter-driven JavaScript component running in the Web browser." (*Id.*; *see, id.* (providing additional problems solved by Mr. Quimby when perfecting and reducing the inventions to practice).)

## **COUNT I – INFRINGEMENT OF THE '629 PATENT**

20. Adaptive Avenue realleges paragraphs 1 through 19 as though fully set forth herein.

21. The '629 Patent is valid and enforceable.

22. Claim 1 of the '629 Patent recites as follows:

A computer-implemented auto-composing web site access system, comprising;

a host server comprising

a composer to create a presentation by accepting a list of a plurality of URLs,

a desired sequence of display of said plurality of URLs, and

a pre-set display duration for each of said plurality of URLs,

wherein the composer is adapted to provide a plurality of list acceptance methodologies, and

wherein the plurality of list acceptance methodologies comprises manual entry via a user interface portion of the composer and automatic entry by a query-based system; and

a performer to automatically present the created presentation in a slide show format according to said list and said desired sequence, wherein each of said plurality of URLs comprises a slide within said created presentation and wherein each slide is automatically presented, absent human intervention, for said pre-set display duration as at least a portion of a web page;

a composer invoker remote from said host server to activate said composer and provide said list, said desired sequence, and said pre-set display duration; and

a performer invoker remote from said host server to activate said performer and display said created presentation.

(Ex. A, '629 Patent, Col. 13-14, lns 59-16).

23. Claim 11 of the '629 Patent recites as follows:

A method for customizing access to a plurality of web sites, said method comprising the steps of:

remotely invoking a composer operating on a host server;

creating a presentation in said composer, wherein said step of creating comprises the steps of:

establishing a list of URLs in said composer by one of a plurality of list establishment methodologies the plurality of list establishment methodologies comprising manual entry via a user interface portion of the composer and automatic entry by a query-based system;

determining a display sequence of said list of URLs in said composer;

determining a duration of display for said list of URLs in said composer;

7

remotely invoking a performer operating on said host server to present said created presentation; and

automatically locally displaying the created presentation presented by said performer in a slide show format according to said list and said display sequence, wherein each of said plurality of URLs comprises a slide within said created presentation, and wherein each slide is automatically displayed to a user, absent human intervention, for the pre-determined display duration as at least a portion of a web page.

(Ex. A, '629 Patent, Col. 14, lns. 44-67.)

24. On information and belief, Defendant has directly infringed, and continues to directly infringe, at least Claim 1 and 11 of the '629 Patent in violation of 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by using a web slideshow presentation displayed on its ecommerce website www.sallybeauty.com that reads on at least two claims of the '629 Patent, including, at least, the system taught by Claim 1 of the '629 Patent and the method taught by Claim 11 of the '629 Patent.

25. Adaptive Avenue has given Defendant notice of its infringement by virtue of service or acknowledged delivery of this complaint.

26. Adaptive Avenue has been and continues to be damaged by Defendant's infringement of the '629 Patent.

## JURY DEMAND

Adaptive Avenue demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Adaptive Avenue respectfully requests that Judgment be entered in favor of Adaptive Avenue and against Defendant, and that Adaptive Avenue be granted the following relief:

(i) A declaration that Defendant has directly infringed one or more claims of the '629 Patent, either literally and/or under the doctrine of equivalents;

 (ii) An award of damages sufficient to compensate Adaptive Avenue for Defendant's infringement of the '629 Patent, pursuant to 35 U.S.C. § 284;

 (iii) An award of prejudgment and post judgment interest, pursuant to 35 U.S.C. § 284;

 (iv) Such other and further relief as this Court shall deem appropriate.

Dated: June 23, 2016　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　By:  /s/ William E. Davis, III
　　　　　　　　　　　　　　　　　　　　　William E. Davis, III
　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 24047416
　　　　　　　　　　　　　　　　　　　　　**THE DAVIS FIRM P.C.**
　　　　　　　　　　　　　　　　　　　　　213 N. Fredonia Street, Suite 230
　　　　　　　　　　　　　　　　　　　　　Longview, Texas 75601
　　　　　　　　　　　　　　　　　　　　　Telephone: (903) 230-9090
　　　　　　　　　　　　　　　　　　　　　Facsimile: (903) 230-9661
　　　　　　　　　　　　　　　　　　　　　E-mail: bdavis@bdavisfirm.com

　　　　　　　　　　　　　　　　　　　　　Of Counsel

　　　　　　　　　　　　　　　　　　　　　William C. Spence
　　　　　　　　　　　　　　　　　　　　　**SPENCE, P.C.**
　　　　　　　　　　　　　　　　　　　　　405 N. Wabash Avenue, Suite P2E
　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60611
　　　　　　　　　　　　　　　　　　　　　Telephone: (312) 404-8882
　　　　　　　　　　　　　　　　　　　　　Facsimile: (312) 635-2299
　　　　　　　　　　　　　　　　　　　　　E-mail: william.spence@spencepc.com

　　　　　　　　　　　　　　　　　　　　　**ATTORNEYS FOR PLAINTIFF**
　　　　　　　　　　　　　　　　　　　　　**ADAPTIVE AVENUE ASSOCIATES, INC.**