**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ADAPTIVE AVENUE ASSOCIATES, INC.<br><br>Plaintiff,<br><br>v.<br><br>SALLY BEAUTY SUPPLY LLC,<br><br>Defendant. | Civ. No. 2:16-CV-683-JRG-RSP<br><br><br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT SALLY BEAUTY SUPPLY LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Sally Beauty Supply LLC ("Sally Beauty"), by and through its attorneys, provides its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Adaptive Avenue Associates, Inc.'s ("Adaptive Avenue") Complaint as follows:

**NATURE OF THE ACTION**

1. Sally Beauty admits that the Complaint purports to state claims against Sally Beauty for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, but denies the legal sufficiency of Adaptive Avenue's claims and allegations.

**THE PARTIES**

2. Sally Beauty lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and therefore denies those allegations.

3. Sally Beauty admits that Sally Beauty Supply LLC is a Delaware limited liability company having its principal place of business at 3001 Colorado Boulevard, Denton, Texas 76210.

## JURISDICTION AND VENUE

4. Sally Beauty admits that this Court has subject matter jurisdiction over the claims in the Complaint.

5. Sally Beauty admits that this Court has personal jurisdiction over Sally Beauty for the purposes of this action, and that it engages in activities in the State of Texas. Sally Beauty denies the remaining allegations of Paragraph 5 of the Complaint.

6. Sally Beauty admits that venue is proper in the Eastern District of Texas. Sally Beauty denies the remaining allegations of Paragraph 6 of the Complaint.

## THE PATENT-IN-SUIT

7. Sally Beauty admits that a purported copy of U.S. Patent No. 7,171,629 ("the '629 Patent), entitled "Customizable Web Site Access System and Method Therefore," is attached to the Complaint as Exhibit A. Sally Beauty lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 7 of the Complaint and therefore denies those allegations.

8. Sally Beauty admits that column 7, lines 31-34 of the '629 Patent state that "[t]he present invention relates to the manner in which a user and/or developer of the World Wide Web presents and/or accesses a web site and, more specifically, to a system and method to enable multiple types of automated navigation through a plurality of web site addresses." Sally Beauty denies the remaining allegations of Paragraph 8 of the Complaint.

## BACKGROUND ON PRIOR ART AND PATENT

9. Sally Beauty lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and therefore denies those allegations.

10. Sally Beauty lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore denies those allegations.

11. Sally Beauty lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint and therefore denies those allegations.

12. Sally Beauty lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint and therefore denies those allegations.

13. Sally Beauty denies the allegations of Paragraph 13 of the Complaint.

14. Sally Beauty admits that column 7, lines 60-67 states the following:

> [T]here is a need for a web site access system that enables web site owners and developers to provide an automated presentation of desired web page sequences without the costs of reprogramming site content or installing development tools, and that enables web site users to adjust those presentations to their preferences and/or enact their own presentation of web sites of interest, such as through the use of search engine results.

Sally Beauty denies the remaining allegations of Paragraph 14 of the Complaint.

15. Sally Beauty denies the allegations of Paragraph 15 of the Complaint.

16. Sally Beauty admits that column 13, lines 30-50 of the ’629 Patent state the following:

> [I]t can be seen that besides guiding visitors more quickly to relevant content, the present invention virtually eliminates the attention that visitors normally invest in pointing, clicking, and scrolling through web pages. As such, visitor satisfaction and productivity is increased, i.e., visitors to a web site stay longer, absorb more information, and return more quickly. The model of a passive site and active visitor clicking through pages is replaced by the adaptive presentation model of active site and active visitor. In this active site/active visitor model the site owner or developer can offer a range of tours through a site wherein each tour is adapted to the interests of a wide range of target audiences. Meanwhile, the visitor can have single-click control for pausing at any page to delve more deeply into available content and can also control the pace of presentation as well as select another presentation. Instead of

> actively pursuing random paths through web sites one click at a time, visitors now have a choice. They can relax and enjoy one or many pre-established presentations—all with the option of stopping and/or diverting anytime they encounter interesting content.

Sally Beauty denies the remaining allegations of Paragraph 16.

17. Sally Beauty denies that the ‘629 Patent is novel, non-obvious, or patent-eligible. Sally Beauty lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 17 of the Complaint and therefore denies those allegations.

18. Sally Beauty denies the allegations of Paragraph 18 of the Complaint.

19. Sally Beauty lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint and therefore denies those allegations.

## CLAIMS FOR RELIEF

### Count I
### (Alleged Infringement of U.S. Patent No. 7,171,629)

20. Sally Beauty repeats and incorporates by reference its responses to the allegations in Paragraphs 1 through 19 above.

21. Sally Beauty denies the allegations of Paragraph 21 of the Complaint.

22. Sally Beauty denies that claim 1 of the ’629 Patent is accurately recited in Paragraph 22 of the Complaint.

23. Sally Beauty admits that claim 11 of the ’629 Patent is accurately recited in Paragraph 23 of the Complaint.

24. Sally Beauty denies the allegations of Paragraph 24 of the Complaint.

25. Sally Beauty admits that it has received the Complaint, but denies the legal sufficiency of the allegations therein. Sally Beauty denies the remaining allegations of Paragraph 25 of the Complaint.

26. Sally Beauty denies the allegations of Paragraph 26 of the Complaint.

## GENERAL DENIAL

Except as expressly admitted herein, Sally Beauty denies each and every allegation contained in Adaptive Avenue's Complaint.

## DEMAND FOR JURY TRIAL

Sally Beauty admits that Adaptive Avenue demands a trial by jury on all issues so triable. Sally Beauty likewise requests a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Sally Beauty denies that Adaptive Avenue is entitled to any of the relief sought in its Prayer for Relief, including subparts (i)-(iv).

## AFFIRMATIVE DEFENSES

Sally Beauty asserts the following affirmative defenses to Adaptive Avenue's claims. The assertion of an affirmative defense is not a concession that Sally Beauty has the burden of proving the matter asserted.

## FIRST AFFIRMATIVE DEFENSE

Adaptive Avenue's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Sally Beauty does not infringe and has not infringed any valid and enforceable claim of the ’629 Patent literally, under the doctrine of equivalents, or under any other grounds that Adaptive Avenue may assert.

**THIRD AFFIRMATIVE DEFENSE**

The claims of the ’629 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**FOURTH AFFIRMATIVE DEFENSE**

Any claim by Adaptive Avenue for damages is limited under 35 U.S.C. §§ 286, 287, and/or 288. Adaptive Avenue is barred under 35 U.S.C. § 286 from recovering damages for acts occurring more than six years prior to the date of the filing of the Complaint.

**COUNTERCLAIMS**

Defendant and Counterclaimant Sally Beauty Supply LLC (“Sally Beauty”), by and through its attorneys, hereby counterclaims as follows against Adaptive Avenue Associates, Inc. (“Adaptive Avenue”):

**NATURE AND BASIS OF ACTION**

1. The Counterclaims seek a declaration pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, that Sally Beauty does not infringe any valid, enforceable claim of U.S. Patent No. 7,171,629 (“the ’629 Patent”), and that the ’629 Patent is invalid.

**THE PARTIES**

2. Sally Beauty is a Delaware corporation with its principal place of business at 3001 Colorado Boulevard, Denton, Texas 76210.

3. According to Paragraph 2 of Adaptive Avenue's Complaint, Adaptive Avenue is a Minnesota corporation having a principal place of business at 484 Temperance Street #425, Saint Paul, Minnesota 55101.

## **JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, in that this case arises under the United States Patent Act, 35 U.S.C. § 1 *et seq.*

5. This Court has personal jurisdiction over Adaptive Avenue because Adaptive Avenue has submitted to the jurisdiction of this Court by bringing the instant action.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## **COUNT ONE**
## **DECLARATION OF NON-INFRINGEMENT OF THE PATENT-IN-SUIT**

7. Sally Beauty hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

8. By virtue of Adaptive Avenue's filing of the Complaint herein, an actual controversy exists between Sally Beauty and Adaptive Avenue with respect to Sally Beauty's alleged infringement of the '629 Patent.

9. Sally Beauty has not infringed any valid claim of the '629 Patent literally, under the doctrine of equivalents, or under any other grounds that Adaptive Avenue may assert.

10. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Sally Beauty is entitled to a declaration that the '629 Patent is not, and has not been, infringed by Sally Beauty.

**COUNT TWO**
**DECLARATION OF INVALIDITY OF THE PATENT-IN-SUIT**

11. Sally Beauty hereby incorporates by reference and realleges each and every allegation in Paragraphs 1 through 6 above as if fully set forth herein.

12. By virtue of Adaptive Avenue's filing of the Complaint herein, an actual controversy exists between Sally Beauty and Adaptive Avenue with respect to the validity of the '629 Patent.

13. One or more claims of the '629 Patent are invalid or void for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, Sally Beauty is entitled to a declaration that the '629 Patent is invalid.

**RESERVATION OF RIGHTS**

Sally Beauty reserves the right to add any additional defenses or counterclaims that discovery might reveal.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered and defended, Sally Beauty prays that:

(1) Adaptive Avenue take nothing by its Complaint;

(2) Adaptive Avenue's Complaint be dismissed in its entirety with prejudice and judgment be entered for Sally Beauty and against Adaptive Avenue on each and every count of the Complaint;

(3) The Court enter a declaratory judgment that Sally Beauty does not infringe any valid claim of the '629 Patent literally, directly, under the doctrine of equivalents, or under any other grounds that Adaptive Avenue may assert;

(4) The Court enter a declaratory judgment that the ’629 Patent is invalid;

(5) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Sally Beauty its reasonable attorney fees in this action;

(5) All costs be taxed against Adaptive Avenue; and

(6) Sally Beauty be granted such other different and additional relief as this Court deems just and proper.

Dated: September 23, 2016

Respectfully submitted,

*/s/ Holly Hawkins Saporito*

Holly Hawkins Saporito (GA Bar No. 142496)
holly.saporito@alston.com
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
Tel.: (404) 881-7000
Fax.: (404) 881-7777

***Attorney for Defendant***
***Sally Beauty Supply LLC***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing **SALLY BEAUTY SUPPLY LLC's ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT** has been forwarded via CM/ECF to all counsel of record on this 23rd day of September, 2016.

/s/ *Holly Hawkins Saporito*
Holly Hawkins Saporito